# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2009

Charles R. Fulbruge III
Clerk

No. 09-10098
Summary Calendar

In re: Yahoo! Inc; Overture Services, Inc.

Petitioners

Petition for Writ of Mandamus
to the United States District Court
for the Northern District of Texas
Case No. 4:08-cv-00626-A

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

American Airlines sued Yahoo! Inc. in the Northern District of Texas for trademark, misappropriation, and tort violations alleging that when Yahoo users type various American trademarks into Yahoo's search engine, a list of paid advertisements from American's competitors appear as sponsored results on the screen. Yahoo filed a motion to transfer venue pointing to a forum selection clause that American and Yahoo had entered into as part of a contract, termed the Sponsored Search Agreement, under which American pays Yahoo for American's website to appear as a sponsored result when certain search terms

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are entered on Yahoo's website. The forum selection clause in the Sponsored Search Agreement reads:

> The terms of the Agreement and any dispute relating thereto or between you and us will be governed by the laws of the State of California, without regard to conflict/choice of law principles. The United Nations Convention on Contracts for the International Sale of Goods does not apply to the Agreement. You agree to submit to the exclusive jurisdiction of the state and federal courts located in Los Angeles County or Santa Clara County, California, or another location designated by us. Any claim against us will be adjudicated on an individual basis and will not be consolidated in any proceeding with any claim or controversy of any other party.

The district court declined to transfer the action to the Northern District of California, finding that the forum selection clause only requires American to submit to the California forum in claims brought against it by Yahoo, that the clause is ambiguous, and that American's claims arise out of a relationship completely separate from the relationship created by the Sponsored Search Agreement that contains the forum selection clause. Yahoo now seeks mandamus.

We grant mandamus only upon a determination that there has been a clear abuse of discretion that produces a patently erroneous result.[1] This high standard is not met in this case. We cannot fault the finding by the district court that the forum selection clause does not apply to the type of claims asserted by American. American's claims against Yahoo are based on trademark infringement allegedly occurring through relationships between Yahoo and third parties. The claims do not depend on the contractual relationship between American and Yahoo, do not require interpretation of the Sponsored Search Agreement contract, and involve different operative facts than would exist if

---

[1] *In re: Volkswagen of Am., Inc.*, 545 F.3d 304, 309 (5th Cir. 2008).

American brought a breach of contract claim against Yahoo under the Sponsored Search Agreement.[2] We cannot find that the district court clearly abused its discretion in refusing to transfer the suit to the Northern District of California. The high hurdle for obtaining the extraordinary writ of mandamus has not been cleared in this case. The petition for writ of mandamus is DENIED.

---

[2] Yahoo asserts that American's complaint implicates the forum selection clause because it requests as one element of damages the return of the fees it has paid to Yahoo under the Sponsored Search Agreement. American requests the return of these fees on the grounds that it was forced to enter the Sponsored Search Agreement to minimize the harm caused by Yahoo's trademark violations. This is one element of damages amongst ten claims for injunctive relief and a prayer for an accounting and restitution for Yahoo's infringements. The district court did not err in finding that American's suit is a trademark action unrelated to the contract bearing the forum selection clause.